UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy W. Wilson, <br><br> Plaintiff, <br><br> v. <br><br> Dr. Way, HCA Nurse Darrell Harrison, and Dr. McRee, <br><br> Defendants. | C/A No: 5:15-cv-00025-MBS-KDW <br><br><br> Report and Recommendation |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order ("TRO"). ECF No. 28. Though not docketed as a Motion, the undersigned will also review Plaintiff's request for "Declaration of Entry of Default." ECF No. 62. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

A. Motion for Preliminary Injunction and TRO

Plaintiff is currently incarcerated in the MacDougall Correctional Institution of the South Carolina Department of Corrections ("SCDC"). his Motion, filed on March 3, 2015, ECF No. 28, Plaintiff requests that the court enjoin Defendants from transferring him to another institution, require Defendants to move all inmates of Medical III Classification from MacDougall Correctional Institution to another institution if Plaintiff moves to another institution, require Defendants to have a nurse on duty at MacDougall 24-hours a day, instruct Defendants to provide Plaintiff with four milligrams of Clonazepam medication at the AM and PM pill line, have Dr. Horath perform botox injections, and require the SCDC Medical Department take him

to an outside specialist. Defendants contend that the requested preliminary injunction is not necessary to preserve Plaintiff's rights and should be denied. ECF No. 59 at 2. Additionally, Defendants argue that there is no evidence that Plaintiff will suffer immediate, irreparable harm without the injunction. *Id.* at 3-4. Further, Defendants argue that Plaintiff has not demonstrated a likelihood that he will succeed on the merits or his case and maintain that the issues contained in Plaintiff's Motion may be resolved adequately through the prison grievance system. *Id.* at 4-6.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

An analysis of the *Winter* factors reveals that Plaintiff's motion for a preliminary injunction and TRO should be denied. First, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his Complaint. Second, Plaintiff does not make any specific factual allegations that he is currently threatened with imminent injury, loss, or damage. Finally, Plaintiff has not shown that a preliminary injunction is in the public interest. Accordingly, it is recommended that Plaintiff's Motion, ECF No. 28, be denied.

B. Declaration of Entry of Default

On April 27, 2015, Plaintiff filed a "Declaration for Entry of Default." ECF No. 62. There, Plaintiff recognizes that Defendants were granted an extension to respond to his Complaint on March 12, 2015. However, Plaintiff maintains that "Defendants Attorneys did not use their extension of time to do what I'm sure they were suppose (sic) to be using it for, which again to my knowledge an[d] belief should have been used to combat any allegations in my Complaint." *Id.* at 2. Defendants maintain that they responded to Plaintiff's Complaint and Motion within the time permitted by this court and are not in default. ECF No. 64.

The undersigned recommends Plaintiff's request be denied. The court granted Defendants an extension of time to respond to Plaintiff's Complaint on March 12, 2015, making Defendant's Response due on or before April 23, 2015. ECF No. 39. Defendants filed their Answer on April 23, 2015, as instructed. ECF No. 58. Additionally, Defendants responded to Plaintiff's Motion for a Preliminary Injunction and TRO on April 23, 2015, in accordance with the court's instruction. ECF No. 52; 59. Finally, Defendants represent they also served discovery responses on Plaintiff on April 23, 2015. ECF No. 64 at 2. Accordingly, any request for an Entry of Default should be denied.

IT IS SO RECOMMENDED.

May 12, 2015                                                 Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

3