UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy W. Wilson ) | |
| ) | C/A No: 5:15-cv-00025-MBS-KDW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| Dr. Way, HCA Nurse Darrell ) | |
| Harrison, and Dr. McRee, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on the following Motions of Plaintiff: Motion for Sanctions, ECF No. 66, Motion for Copies, ECF No. 67, Motion for Reconsideration of the Court's Denial of Appointment of Counsel, ECF No. 68, Motion for Recusal, ECF No. 72, Motion for Extension of Time/Motion for Production, ECF No. 77, and a Miscellaneous Motion for Production, Copies, and Appointment of Counsel, ECF No. 83. Additionally, this matter is before the court on Defendants' Motion to Quash Plaintiff's Motion to Compel and Opposition to Plaintiff's Motion for an Extension of time. ECF No. 84. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants.

    A. Motions for Copies, ECF Nos. 67, 83

On May 6, 2015, Plaintiff filed a Motion requesting that the court allow him to "obtain sufficient funds to obtain relevant copies of [his] filings." ECF No. 67 at 2. Additionally, Plaintiff represents that he never initially received a copy of his complaint and any and all attachments filed with it. *Id.* at 1. Plaintiff requested a timeline of all pleadings submitted in his

case. *Id.* at 2. In his miscellaneous Motion, ECF No. 83, Plaintiff asks that the court send him "a copy of [his] entire case."

Plaintiff's requests for copies, ECF Nos. 67, 83, are denied without prejudice. All parties, even indigent parties, are responsible for the costs of copies. There are approximately 85 filings in this case. <u>The clerk is instructed to provide Plaintiff with a copy of the docket</u>. When and if Plaintiff submits a self-addressed, stamped envelope to the clerk's office, along with payment for the copies ($.50/page), the clerk's office will send Plaintiff his requested documents. Plaintiff is instructed to specify which filings he would like copies of when he submits the required payment and self-addressed envelope to the clerk.

B. Discovery Motions, ECF Nos. 66, 77, 83

In his Motion for Sanctions, ECF No. 66, Plaintiff maintains that he filed a premature Motion to Compel asking that Defendants turn over all pertinent discovery materials. Additionally, Plaintiff represents that Defendants responded to his discovery requests on April 23, 2015 and failed to disclose Plaintiff's medical records. *Id.* at 2. Defendants responded to Plaintiff's Motion on May 26, 2015. ECF No. 73.

Plaintiff filed a Motion for Extension of Time/Motion for Production, ECF No. 77, on June 2, 2015. There, he indicated to the court that he had "been asking for discovery production from the Defendants. . . .in several motions, but [he has not] yet [] receive[d] the first item of any kind," and Defendants are claiming that his requests are "overly broad." *Id.* Plaintiff argues that he is entitled to all medical documents that SCDC is withholding from him. *Id.* Additionally, Plaintiff asked that the discovery deadline be extended. *Id.* at 2. Plaintiff asserts he is not going to continue "playing paperwork games" with the Defendants and asks that his case be docketed

2

for trial and "let's ride" without interrogatories or summary judgment motions. *Id.* at 3. Defendants responded to Plaintiff's Motion on June 22, 2015. ECF No. 85.

In his most recent miscellaneous motion, ECF No. 83, filed June 19, 2015, Plaintiff represents that he "should be given and/all documents, evidence pertaining to the case in order to prove the case." Plaintiff again asks that the judge "pick a jury, put it on the docket, and let's ride!" *Id.* at 2. Defendants have not yet responded to Plaintiff's most recent motion.

In their response to Plaintiff's Sanctions Motion, Defendants represent that they have given Plaintiff access to his medical records but have not made copies of all Plaintiff's medical records for him. ECF No. 73 at 4-5. Specifically, Defendants represent they have "provided the Plaintiff with detailed instructions for obtaining the documents he requested, including listing the exact policies and procedures and forms to be used to obtain this information. Rather than choosing to follow the established policies and procedures to inspect and obtain copies of his medical records, the Plaintiff filed this Motion for Sanctions instead." *Id.* Defendants make the same response to Plaintiff's Motion for an Extension/Motion to Compel. ECF No. 85.

Defendants have technically complied with the mandates of Rule 34 by allowing Plaintiff the opportunity to inspect his SCDC medical records.[1] Plaintiff is instructed to follow the procedure as outlined by Defendants in their responses to Plaintiff's discovery requests. Should Plaintiff encounter problems during his review process, only then should he seek the court's involvement. Accordingly, Plaintiff's Motion for Sanctions, ECF No. 66, and Motion to Compel, ECF No. 77, are denied. To the extent Plaintiff's miscellaneous filing ECF No. 83 is a Motion to Compel, it is denied. Plaintiff's Request for an Extension, ECF No. 77, is granted. The court will

---

[1] To the extent Plaintiff seeks documents from outside medical providers who are not parties to this case and are not in his SCDC medical file, Plaintiff is required to submit a motion requesting the court issue a subpoena from those medical providers pursuant to Federal Rule of Civil Procedure 45.

allow Plaintiff an additional 60 days to complete discovery. Defendants are instructed to expedite Plaintiff's review process in any way possible and not unnecessarily delay review of his requests for inspection and copying. Additionally, <u>Defendants are instructed to provide the court with a status report on Plaintiff's request submissions and any responses he has received from his requests within 30 days of this Order</u>.

    C.  Motions Concerning Appointment of Counsel, ECF Nos. 68, 83

On May 6, 2015, Plaintiff filed a Motion for Reconsideration of the court's denial of his Motion for Appointment of Counsel. *See* ECF Nos. 44, 49, 68. On June 19, 2015, Plaintiff filed another Motion for Appointment of Counsel. ECF No. 83. Plaintiff's Motions are denied.

As the court previously held, there is no right to appointed counsel in a § 1983 case. *Cf. Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). Although the court has discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "will turn on the quality of two basic factors - the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (unpublished table decision) (quoting *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)). Having reviewed Plaintiff's motions, the court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel. *Whisenant*, 739 F.2d at 160. Further, Plaintiff's participation in this case has been adequate and Plaintiff has shown that he is able to represent his interests in the lawsuit. *Id.* Accordingly, Plaintiff's Motion to Reconsider, ECF No. 68 and Plaintiff's Motion to Appoint Counsel, ECF No. 83, are denied.

Furthermore, Plaintiff is instructed to not file additional Motions for Appointment of Counsel until after the district court rules on any dispositive motions.

D. Motion for Recusal, ECF No. 72

On May 26, 2015, Plaintiff filed a Motion for Recusal. ECF No. 72. There, Plaintiff argues that the undersigned wrongfully denied his federal Habeas Corpus Petition. *Id.* A judge should recuse him or herself if the judge's "impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). In addition, a judge must disqualify him or herself "[w]here he has a personal bias ... concerning a party...." *Id.* § 455(b)(1). The Fourth Circuit has ruled that "a presiding judge is not required to recuse [him or herself] because of 'unsupported, irrational or highly tenuous speculation.' " *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). The test to be applied is "whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id.* The undersigned has reviewed Plaintiff's allegations supporting his Motion for Recusal and finds them to be meritless. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008). Accordingly, Plaintiff's Motion for Recusal, ECF No. 72, is denied.

E. Defendants' Motion to Quash, ECF No. 84

On June 22, 2015, Defendants filed a Motion to Quash Plaintiff's Motion to Compel, ECF No. 77. There, Defendants requested that the court deny Plaintiff's Motion for an Extension as well. ECF No. 84. As set forth in this Order, the court has denied Plaintiff's Motion to Compel, ECF No. 77, and granted Plaintiff's Motion for an Extension, ECF No. 77. Therefore, Defendants' Motion to Quash, ECF No. 84, is denied as moot.

Conclusion

Accordingly, Plaintiff's Motion for Sanctions, ECF No. 66, Motion for Copies, ECF No. 67, Motion for Reconsideration of the Court's Denial of Appointment of Counsel, ECF No. 68, Motion for Recusal, ECF No. 72, and Miscellaneous Motion for Production, Copies, and Appointment of Counsel, ECF No. 83 are denied. Plaintiff's Motion for Extension of Time/Motion for Production, ECF No. 77, is granted in part and denied in part. Defendants' Motion to Quash Plaintiff's Motion to Compel and Opposition to Plaintiff's Motion for an Extension of time, ECF No. 84, is denied.

IT IS SO ORDERED.

June 24, 2015                                           Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge