IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jimmy W. Wilson #295788, | ) | Civil Action No. 5:15-00025-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Dr. Way, HCA Nurse Darrell Harrison, | ) | |
| S.C.D.C. Medical Director Dr. McRee, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Jimmy W. Wilson ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action against Defendants pursuant to 42 U.S.C. § 1983.

This matter is before the court on Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order ("TRO"), ECF No. 28, as well as Plaintiff's request for "Declaration of Entry of Default," ECF No. 62. In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Kaymani D. West for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on May 12, 2015, recommending that the TRO and Entry of Default be denied. ECF No. 69. Plaintiff filed objections to the Report and Recommendation on May 26, 2015. ECF No. 71.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* review of any portions of the Report and Recommendation to which a specific objection is made. *Id.* The district court need not conduct a *de novo* review when a party makes only general and

1

conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Plaintiff objects to the Magistrate Judge's finding that he is not suffering irreparable harm. The court has conducted a *de novo* review of the issues in this case and concludes that the Magistrate Judge has properly applied the applicable law. The court specifically reviewed those conclusions of the Magistrate Judge which were mentioned in Plaintiff's objections. First, the Magistrate Judge properly analyzed Plaintiff's TRO request pursuant to the preliminary injunction factors outlined in *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). Pursuant to *Winter*, "a Plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* In applying the *Winter* factors, the Magistrate Judge properly determined that Plaintiff has not made a clear showing that he is likely to succeed on the merits of his complaint. The Magistrate Judge also found that Plaintiff has not made any specific factual allegations that he is currently threatened with imminent injury, nor has Plaintiff shown that the TRO is in the public interest. Plaintiff specifically contends that being denied the alleged medically recommended Botox injections for his neck condition is causing him great pain, and may be worsening his condition. Assuming arguendo that the alleged denial of Botox injections for Plaintiff's neck pain constitutes irreparable harm, Plaintiff has still failed to make a clear showing on the other three *Winter* factors. Thus, the Magistrate Judge properly determined that Plaintiff's request for a TRO should be denied.

Based upon the foregoing, the court adopts and incorporates herein by reference the Report and Recommendation of the Magistrate Judge. For the reasons stated herein and in the Report and Recommendation, Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order, ECF No. 28, as well as Plaintiff's request for Declaration of Entry of Default, ECF No. 62, is **DENIED**. The within action is recommited to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED.**

 /s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

July 1, 2015
Columbia, South Carolina