UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy W. Wilson, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Dr. Way, HCA Nurse Darrell )<br>Harrison, and Dr. McRee, )<br>)<br>Defendants. )<br>_____ ) | C/A No: 5:15-cv-00025-MBS-KDW<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for Declaration for Entry of Default, ECF No. 90, and his Motion/Urgent Message for Medical Treatment, ECF No. 121. Defendants responded to Plaintiff's Motions on July 16, 2015, and September 11, 2015, respectively. *See* ECF Nos. 106, 127. Plaintiff did not file Replies to Defendants' July 16, 2015 Response or their September 11, 2015 Response. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants.

A. Motion for Entry of Default, ECF No. 90

On June 29, 2015, Plaintiff filed a Motion arguing that Defendants are in default because more than 60 days have elapsed since Defendants were served with Plaintiff's Requests for Production. ECF No. 90 at 1. Defendants responded and assert that Plaintiff's Motion should be denied because they have complied with the court's instructions. ECF No. 106.

In a June 24, 2015 Order, the court found that Defendants complied with the mandates of Rule 34 by allowing Plaintiff the opportunity to inspect his SCDC medical records. ECF No. 87. Additionally, the court instructed Plaintiff to follow the procedure Defendants outlined to obtain

copies of certain medical records. After issuing this Order, on July 22, 2015, Defendants provided the court with a status update indicating that Plaintiff never filed requests for copies. ECF No. 110. Plaintiff did not respond to Defendants status report, ECF No. 110, and did not file a Reply to Defendants' Response.

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The undersigned finds that Defendants have adequately responded to Plaintiff's discovery requests and have not failed to plead or otherwise defend. Accordingly, it is recommended that Plaintiff's Motion of Default, ECF No. 90, be denied.

B. Motion/Urgent Message for Medical Treatment, ECF No. 121

In his Motion, ECF No. 121, Plaintiff maintains that he is "on a treatment plan where [he is] suppose[d] top get botox injections every 12 weeks." *Id.* at 1. Plaintiff requests that the court demand SCDC follow his medical treatment plan, including his medication treatment plan. *Id.* In Response, Defendants maintain that Plaintiff has not produced evidence sufficient to support his position that he is not receiving proper medical care. ECF No. 127 at 1-3. Additionally, Defendants maintain that Plaintiff's medical care complied with the applicable standard of care. *Id.* at 4-5.

Here, Plaintiff is seeking injunctive relief. "[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable

harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

An analysis of the *Winter* factors reveals that Plaintiff's motion should be denied. First, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his Complaint. Second, facts indicate that Plaintiff is receiving shots and medications in compliance with his treatment plan. *See* ECF No. 127-1. Additionally, in a recent filing from Defendants, Plaintiff maintains that he is receiving shots on schedule with his treatment plan. *See* ECF No. 129-1. Therefore, facts do not indicate that Plaintiff's health is in imminent danger, and Plaintiff has not offered any evidence to support his claims. Finally, Plaintiff has not shown that a preliminary injunction is in the public interest. Accordingly, it is recommended that Plaintiff's Motion, ECF No. 121, be denied.

IT IS SO RECOMMENDED.

September 22, 2015                                     Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

3