UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy W. Wilson,<br><br>                Plaintiff,<br><br>v.<br><br>Dr. Way, HCA Nurse Darrell Harrison, and Dr. McRee,<br><br>                Defendants. | C/A No: 5:15-cv-00025-MBS-KDW<br><br><br>ORDER |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for Recusal. ECF No. 164. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants.

On January 4, 2016, Plaintiff filed a Motion for Recusal. ECF No. 164. There, Plaintiff took issue with the undersigned's ruling denying him permission to amend his Complaint and add the Maybank law firm as a defendant. *Id.* (citing ECF No. 161). The order, in its entirety, indicated the following:

> Plaintiff filed the instant action on January 5, 2015. ECF No. 1. Pursuant to the scheduling order, the deadline to amend pleadings was May 26, 2015. ECF No. 60. On September 28, 2015, Defendants filed a Motion for Summary Judgment. ECF No. 141. After Defendants filed the currently pending dispositive motion, Plaintiff filed a "Motion to the Court from Plaintiff asking Permission to Amend Complaint, to add the Maybank Law Firm as Defendants." ECF No. 154. In his Motion, Plaintiff alleges that the Maybank law firm has defamed him and has lied to the court. *Id.* Plaintiff's Motion to Amend his Complaint is denied pursuant to Rule 15 of the Federal Rules of Civil Procedure. The time to amend the pleadings is long overdue, and the undersigned finds that Defendants would be prejudiced in their defense of this action should Plaintiff be allowed to amend or supplement his Complaint. In any event, the court notes Plaintiff's disagreement with the facts as stated by Defendants and will consider all allegations and evidence presented in

>ruling on the pending Motion for Summary Judgment, ECF No. 141. IT IS SO ORDERED.

ECF No. 161. Based on this Order, Plaintiff "ask[ed] the Honorable District Court Judge Seymour to Remove the Magistrate Judge West from this case on all grounds." ECF No. 164 at 2 (emphasis omitted). In a "Note" to Judge Seymour, Plaintiff maintains that the undersigned "has not only prejudiced [Plaintiff] in this Civil Suit, but as [Plaintiff] said before, she did the same in [Petitioner's] Federal Habeas Corpus by covering up and allowing SCDC and the State to do as they please to win, and she's doing this again now." ECF No. 164-2 at 1.

A judge should recuse him or herself if the judge's "impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). In addition, a judge must disqualify him or herself "[w]here he has a personal bias ... concerning a party...." *Id.* § 455(b)(1). The Fourth Circuit has ruled that "a presiding judge is not required to recuse [him or herself] because of 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). The test to be applied is "whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id.*

The undersigned has reviewed Plaintiff's allegations supporting his Motion for Recusal and finds them to be meritless. Here, Plaintiff's sole allegations for the undersigned's alleged bias includes a ruling in the current matter before the court, ECF No. 161, and a prior ruling in Plaintiff's federal habeas case. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008). Accordingly, Plaintiff's Motion for Recusal, ECF No. 164, is denied.

IT IS SO ORDERED.

April 25, 2016  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

3