IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jimmy W. Wilson #295782, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Dr. Way, HCA Nurse Darrell Harrison, )<br>S.C.D.C. Medical Director Dr. McRee, )<br>)<br>Defendants. )<br>_____) | C/A No. 5:15-00025-MBS<br><br>**ORDER AND OPINION** |

Plaintiff Jimmy W. Wilson ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action against Dr. Way, HCA Nurse Darrell Harrison, and S.C.D.C. Medical Director Dr. McRee ("Defendants"), alleging that Defendants have been deliberately indifferent to his medical needs in violation of his constitutional rights. He brings this action pursuant to 42 U.S.C. § 1983.

This matter is before the court on three pending motions: Defendants' Motion for Summary Judgment, Plaintiff's Motion for Jury Trial, and Plaintiff's Motion To Dismiss Defendants' Motion for Summary Judgment. ECF Nos. 141, 163, and 176. In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Kaymani D. West for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on April 28, 2016, recommending that Defendants' Motion for Summary Judgment be granted and Plaintiff's remaining motions be dismissed. ECF No. 187. Plaintiff filed objections to the Report and Recommendation on May 13, 2016. ECF No. 190.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo*

review of any portions of the Report and Recommendation to which a specific objection is made. *Id.* The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Plaintiff has filed only general objections to the Report and Recommendation, summarizing the arguments he sets forth in his Complaint and previous motions. ECF No. 190. Nevertheless, the court has conducted a *de novo* review of the issues in this case and concludes that the Magistrate Judge has properly applied the applicable law.

The Magistrate Judge first considered Defendants' Motion for Summary Judgment. Under Fed. R. Civ. P 56(c), the court will award summary judgment if the movant shows that there is no genuine dispute as to any material fact. In a claim of deliberate indifference to medical needs, a plaintiff must demonstrate that "an official knows of and disregards an excessive risk to inmate health or safety . . ." and draws an inference that "a substantial risk of serious harm exists." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff details four different treatments that he believes he should have been afforded: (1) regular doses of Klonopin; (2) Botox injections every 12 weeks; (3) treatment for fibromyalgia; and (4) treatment for cholesterol. ECF Nos. 1 at 6-7, 1-1 at 1, and 1-4 at 1. However, in each of these four instances, the Magistrate Judge found that Plaintiff did not offer any evidence to support a finding that Defendants disregarded a serious risk to Plaintiff's health or safety. First, Plaintiff missed, at most, five days of Klonopin treatment, during which time Defendants monitored Plaintiff

for signs of Klonopin withdrawal and waited for the pharmacy to complete his refill. ECF Nos. 141-1 at 4 and 141-7. Second, although Plaintiff was denied Botox treatments for a period of time, his underlying condition was treated through an alternative course of medicine. ECF No. 141-26 ¶ 14. Third, with the exception Plaintiff's "addition" or addendum to his Complaint (ECF No. 1-1 at 1), there is no mention of Plaintiff's alleged fibromyalgia in any documents or medical records that Defendants would have been able to access prior to this action. Fourth, it is unclear if Plaintiff is raising a medical indifference claim concerning his high cholesterol, as he only mentions it once and provides no further details. ECF No. 1-4 at 1. Nevertheless, Defendants construe Plaintiff's brief mention of high cholesterol as an additional claim and in response, offer evidence that Plaintiff has received at least three types treatment for high cholesterol. ECF No. 141-31 ¶ 21. Given the lack of supporting evidence for each of these claims of medical indifference, the Magistrate Judge properly concluded that Plaintiff failed to raise a genuine issue of material fact.

However, given that Plaintiff is a *pro se* litigant and the court must afford his complaint a liberal construction, *see Cruz v. Beto*, 405 U.S. 319 (1972), the Magistrate Judge concluded that Plaintiff's medical indifference claims possibly could be construed as medical malpractice claims. While medical malpractice does not constitute a claim under 42 U.S.C. § 1983, medical malpractice is available as a state law cause of action. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). To the extent that Plaintiff has alleged a medical malpractice claim in violation of state law, the Magistrate Judge recommended that the court not exercise supplemental jurisdiction. *See Wauben v. Protega (USA), Inc.*, No. 2:05–2780–PMD–RSC, 2007 WL 775614, at *14 (D.S.C. Mar. 9, 2007) (granting summary judgment on a Title VII claim and declining to exercise supplemental jurisdiction over remaining state law claims).

Based upon the foregoing, the court adopts and incorporates herein by reference the Report and Recommendation of the Magistrate Judge. Defendants' Motion for Summary Judgment is **GRANTED**. Plaintiff's § 1983 claims are **DISMISSED WITH PREJUDICE**, and Plaintiff's possible state law medical malpractice claims are **DISMISSED WITHOUT PREJUDICE** and may be reasserted in state court. Plaintiff's Motion for Jury Trial (ECF No. 163) and Motion to Dismiss Defendants' Motion for Summary Judgment (ECF No. 176) are **DISMISSED**.

Following the Magistrate Judge's Report and Recommendation, Plaintiff filed a Motion for Evidence (ECF No. 193) and a Motion for Trial (ECF No. 197). These motions are **DENIED AS MOOT**.

Finally, the court denies Defendants' request that this action be counted as a "strike" for the purposes of the Prison Litigation Reform Act, codified at 28 U.S.C. § 1915. *See* ECF No. 141-1 at 21. The Magistrate Judge properly concluded that Plaintiff's Complaint was not filed frivolously.

**IT IS SO ORDERED.**

  s/ Margaret B. Seymour
MARGARET B. SEYMOUR
Senior United States District Court Judge

June 27, 2016
Columbia, South Carolina